Henry P. Gonzalez, LL.M. (HPG 9238)
**RODRIGUEZ O'DONNELL**
**GONZALEZ & WILLIAMS, P.C.**
1211 Connecticut Ave., N.W., Suite 800
Washington, D.C. 20036
(202) 973-2980   Telephone
(202) 293-3307   Facsimile

Attorneys for Plaintiff, Dimerco Express (U.S.A.) Corp.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X
DIMERCO EXPRESS (U.S.A.) CORP.,         :
                                        :
                    Plaintiff,          :   **Case No.:08 CV 5663(HAB)**
                                        :   **ECF CASE**
   -against-                            :
                                        :
                                        :   **COMPLAINT**
                                        :
                                        :
AVION COMPANY S.P.A. and                :
AVION SHIPPING CORP. DBA                :
GR SHIPPING,                            :
                                        :
                                        :
                    Defendants.         :
-------------------------------------------------------X

Plaintiff, Dimerco Express (U.S.A.) Corp. ("Dimerco" or Plaintiff), by its attorneys, brings this action against Avion Company S.p.a. ("Avion") and Avion Shipping Corp. dba GR Shipping ("Avion Shipping") (or jointly Defendants), and for its complaint alleges the following upon information and belief:

## JURISDICTIONAL ALLEGATIONS

1. The Jurisdiction of this Court is founded on the admiralty or maritime character of the claim. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. This Court also has civil and admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1331, 1332, 1333, and 1367. This case is also pursuant to 49 U.S.C. §40105 (Warsaw Convention) and the Unification of Certain Rules for International Carriage by Air (the "Montreal Convention").

## VENUE

3. Venue is proper in this Court as the Defendants reside or do business in this district.

## THE PARTIES

4. Plaintiff Dimerco is a corporation organized and existing pursuant to the laws of the state of Illinois, with its principal place of business at 955 Dillon Drive, Wood Dale, Illinois 60191, and 145-45, 156 Street, Jamaica, New York 11434, and other cities.

5. Upon information and belief, Defendant Avion is an Italian corporation with its principal place of business in Via G. Di Vittorio, 37, 20068 Peschiera Borromeo (MI), Italy.

6. Upon information and belief, Defendant Avion Shipping is a New York corporation with its principal place of business in 154-09, 146th Avenue, Jamaica, New York 11434.

7. Upon information and belief, Defendants are affiliated entities.

## FACTS

8. On May 1, 2006, Dimerco signed a Non-Exclusive Mutual Freight Forwarding and Logistics Services Agency Agreement (the "Agreement") with Avion and its affiliates including Avion Shipping. The Agreement stipulates the procedures for Dimerco's Automated Centralized Settlement Program (the "ACS") settling the payments for the cost effectiveness and time efficiency.

9. After signing the Agreement, Dimerco completed the transportation services for Defendants.

10. Dimerco advanced payments on behalf of Defendants for air and ocean freight and other charges with respect to Defendants' cargo.

11. Defendants were aware of their obligation to pay Dimerco the charges for the transportation services provided to Defendants by Dimerco.

12. However, Defendants did not comply with the ACS procedures and failed to approve Dimerco's outstanding invoices in the ACS procedures. Defendants have not paid Dimerco the service charges, and continue to refuse to pay Dimerco the charges, even after repeated demand from Dimerco.

## ALLEGATIONS

### COUNT I: BREACH OF CONTRACT

13. Dimerco incorporates the allegations in Paragraph 1 through 12 above as if fully set forth herein.

14. Dimerco and Defendants entered into the Agreement mutually appointing each other as non-exclusive forwarding and logistics services agents.

15. Under the Agreement, Defendants were obligated to comply with the ACS procedures, confirm Dimerco's outstanding invoices and pay Dimerco the charges for the services provided to Defendants by Dimerco.

16. Dimerco has duly performed all obligations, conditions, and promises to be performed pursuant to the Agreement between Dimerco and Defendants.

17. However, Defendants breached the Agreement between Dimerco and Defendants by failing to comply with the ACS procedures, confirm Dimerco's outstanding invoices and reimburse Dimerco for the charges Dimerco advanced to pay underlying carriers for the freight of Defendants' cargo.

18. As a result of Defendants' failure to pay and/or reimburse Dimerco, Dimerco suffered damages in the amount of $161, 034.79 as of June 20, 2008.

### COUNT II: QUANTUM MERUIT AND UNJUST ENRICHMENT

19. Dimerco incorporates the allegations in paragraph 1 through 18 above as if fully set forth herein.

4

20. Dimerco conferred a benefit upon Defendants in good faith by providing transportation services.

21. Defendants accepted the benefit of Dimerco' transportation services for the relevant cargo.

22. Dimerco, as an indirect carrier of Defendants, expected compensation and reimbursement for the services provided to Defendants for the relevant cargo.

23. Defendants have failed and refused to pay the outstanding charges to Dimerco in the amount of $161, 034.79, although duly demanded numerous times.

24. Defendants have been unjustly enriched in that they have not paid Dimerco air and ocean freights and other charges, which Dimerco incurred or paid with an understanding that Defendants would later pay or reimburse through ACS procedures.

## DAMAGES

25. By reason of the foregoing, Dimerco has sustained damages in the amount of $161, 034.79 as of June 20, 2008.

**WHEREFORE**, Plaintiff respectfully prays for the following:

(a) A judgment against Defendants, jointly and severally, in the amount of $161, 034.79 be entered in favor of the Plaintiff and against Defendants, jointly and severally, together with additional costs and attorneys' fees incurred, plus interest at a rate as this Court may deem appropriate;

(b) A process in due form of law according to the practice of this Honorable Court may issue against the Defendants citing the Defendants to appear and answer under oath all singular matters stated in this Complaint; and

(c) Such other and further relief this Court deems just, proper, and appropriate in this case.

Dated: June 20, 2008

Respectfully submitted,

By: _____

Henry P. Gonzalez, LL.M. (HPG 9238)
**RODRIGUEZ O'DONNELL GONZALEZ and WILLIAMS, P.C.**
1211 Connecticut Ave., N.W., Suite 800
Washington, D.C. 20036
(202) 973-2980   Telephone
(202) 293-3307   Facsimile

Attorneys for Plaintiff
Dimerco Express   (U.S.A.) Corp.